## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESUS MAURICIO FIGUEREDO CASTILLO<br><br>*Petitioner,*<br><br>v.<br><br>Sheriff PAUL ARTETA, Warden, Orange County Correctional Facility; JUDITH ALMODOVAR, Acting Field Office Director, New York Field Office, U.S Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of Homeland Security; PAMELA JO BONDI, United States Attorney General, *in their official capacities,*<br><br>*Respondents.* | Civil Action No.: 1:26-cv-2229<br><br>**[PROPOSED] ORDER GRANTING PETITIONERS' *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** |

This matter has come before this Court on Petitioners' Ex Parte Application for Temporary Restraining Order and Order to Show Cause. The Court has carefully considered all the filings, the arguments of counsel, and the record in this case.

Petitioners are entitled to a temporary restraining order if they establish that they are "likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l, Ltd.,* 190 F.Supp.2d 577, 580 (S.D.N.Y. 2002) ("The standard for granting a temporary restraining order and a preliminary injunction...are identical.") A showing of irreparable harm "is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transport Malmo AB v. Wabtec Corp.,* 559 F3d 110, 118 (2d Cir. 2009) (internal quotations and citations omitted). Where the government is the opposing party, the third and fourth factors merge. *Nken v. Holder,* 556 U.S. 418, 435 (2009).

Further, under the All Writs Act, the Court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.

*As explained to the parties, the requirements for a temporary restraining order having been satisfied,*

Upon consideration of Petitioners' Motion for Temporary Restraining Order, and finding sufficient cause, the motion is **GRANTED, AND IT IS FURTHER ORDERED** that Respondents are **ENJOINED** as follows:

1. Respondents must immediately release Petitioner from custody pending these proceedings and may not re-detain him pending further order of this Court. No bond or electronic monitoring shall be required.

2. As this Order shall not result in any financial damage to Respondents, Petitioner shall not be required to give security. Fed. R. Civ. P. 65(c).

*3. This order is effective until March 31, 2026.*

Date: _____

_____
United States District Judge

*4. The parties shall promptly provide to the Court an agreed schedule for briefing any extension of the temporary restraining order and the request for a preliminary injunction.*

*So ordered,*

*J.G. Koeltl*
*U.S.D.J.*

*3/18/26*

2